IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DARRYL CHAMBERS, | ) | |
| | ) | |
| Petitioner, | ) | 8:06cv374 |
| | ) | |
| vs. | ) | ORDER on INITIAL REVIEW |
| | ) | (HABEAS CORPUS) |
| ROBERT PATTON, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court for initial review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, Darryl Chambers. 28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws ... of the United States." Id. § 2254(a). Mr. Chambers states that he is being held in the Douglas County Correctional Center ("DCCC") on a traffic violation. However, upon his arrest, the U.S. Marshal placed a federal detainer on him, but no indictment has issued and no charges have been filed. The named respondent is the Superintendent of the DCCC.

    Rule 4 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

    This case has been assigned to Chief Judge Joseph F. Bataillon. However, a Magistrate Judge may conduct initial review. See Rule 10 of the *2254 Rules.* On initial review of the § 2254 petition, I provisionally find that summary dismissal under Rule 4 of the *§ 2254 Rules* is not required.

    However, because the petitioner complains of actions by the federal government, he must add an appropriate federal respondent such as the U.S. Marshal's Service or the federal agency named in the detainer for which he is being held at the DCCC. Therefore,

within twenty (20) days of the date of this Order, the petitioner shall file an Amended Petition adding a federal respondent. Meanwhile, the court will cause this Order to be served on the existing respondent as well as the United States. It appears that progression of this case should be expedited. However, in their response to the Amended Petition, once filed, the respondent(s), among any other matters, may wish to address the issue of exhaustion of remedies.

IT IS THEREFORE ORDERED:

1. That the Clerk of Court shall mail copies of the § 2254 petition to the named respondent and to the Nebraska Attorney General by regular first-class mail; the Clerk of Court shall also shall mail copies of the petition and this Order to the Attorney General of the United States, the U.S. Marshal's Service, and the United States Department of Justice, all in care of Michael G. Heavican, the United States Attorney for the District of Nebraska;

2. That, within twenty (20) days of the date of this Order, the petitioner shall file an Amended Petition adding a federal respondent;

3. That, within twenty (20) days of receipt of the earlier of the petition or the Amended Petition,[1] each respondent shall file an Answer to the § 2254 petition on the merits of the claims and any affirmative defenses, in the manner contemplated by Rule 5 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, **or** that respondent may, in his discretion, limit his response to affirmative defense(s) by filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b), which states:

> (b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof;

4. That, whether the respondent files an answer or a motion for summary judgment, the respondent shall also file with the court and serve on the petitioner a pleading entitled Designation of Relevant Records;

5. That all records listed in the respondent's Designation of Relevant Records shall be filed with the court at the time the Designation of Relevant Records is filed;

6. That if the respondent elects to file a motion for summary judgment, copies of all records designated and filed in support of the motion shall also be served on the petitioner; and

---

[1] The Amended Petition is a formality to clarify that the appropriate respondent for purposes of the petitioner's objection to the federal detainer is the United States.

2

7. That, whether the respondent files an answer or a motion for summary judgment, the petitioner may reply by no later than 20 days after receipt of the respondent's answer or motion.

DATED this 30th day of May, 2006.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge